**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3410-21
                A-0818-22

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR AMERICAN HOME
MORTGAGE ASSET TRUST 2007-
1 MORTGAGE-BACKED PASS-
THROUGH CERTIFICATES
SERIES 2007-1,

        Plaintiff-Respondent,

v.

HELEN ZAHODIAKIN,

        Defendant-Appellant.

_____

        Submitted October 18, 2023 — Decided December 6, 2023

        Before Judges Vernoia and Walcott-Henderson.

        On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-019090-15.

        Helen Zahodiakin, appellant pro se.

Houser LLP, attorneys for respondent (Jacob Elliot Tebele, on the brief).

PER CURIAM

In these mortgage foreclosure matters we scheduled back-to-back and consolidated for purposes of this opinion, pro se defendant Helen Zahodiakin appeals from orders denying her motion to vacate default in A-3410-21 and denying her motion to set aside a September 21, 2022, sheriff's sale in A-0818-22. In A-3410-21, defendant sought to vacate the final judgment of foreclosure under Rule 4:50-1 more than four years after its entry, arguing plaintiff did not have standing, and in A-0818-22, plaintiff sought to vacate the subsequent sheriff's sale based on her claim the default judgment had been improperly entered. We affirm both orders.

On November 17, 2006, defendant executed and delivered a $400,000.00 promissory note to American Brokers Conduit. On the same day, as security for the note, defendant executed a mortgage on property located at 250 Kent Place Boulevard, Summit to Mortgage Electronic Registration Systems Inc., as nominee for American Brokers Conduit. The mortgage was recorded on November 27, 2006, in the Office of the Clerk of Union County.

On November 1, 2009, defendant defaulted on the note and mortgage when she failed to make the monthly payment then due, and he thereafter

failed to make all subsequent payments. On March 5, 2010, the mortgage was assigned to plaintiff Deutsche Bank National Trust Company, as "Trustee for American Home Mortgage Asset Trust 2007-1 Mortgage-Backed Pass-Through Certificates Series 2007-1," and was later recorded on March 16, 2010.

On May 29, 2015, plaintiff filed its foreclosure complaint, and on July 27, 2015, plaintiff filed a request for entry of default against defendant that was subsequently entered. On January 7, 2016, the court entered an uncontested order for final judgment in favor of plaintiff and a writ of execution, initiating the first scheduled sheriff's sale.

On August 17, 2016, plaintiff filed the first of what turned out to be a series of five bankruptcy petitions in the United States Bankruptcy Court for the District of New Jersey. With the filing of each petition, defendant obtained the benefit of the automatic stay of the proceedings in the foreclosure action for various periods prior to the bankruptcy court's dismissals of each of the petitions. The bankruptcy court dismissed the last petition on January 21, 2020. The filing of successive bankruptcy petitions and the COVID-19 pandemic delayed the sheriff's sale of the mortgaged property, which occurred on September 21, 2022.

It was not until May 13, 2022, that defendant moved pursuant to Rule 4:50-1 to vacate the final judgment of foreclosure entered on January 7, 2016. Defendant argued plaintiff lacked standing to foreclose because it was not the holder of the note and, thus, the final judgment should be vacated. Plaintiff opposed the motion, arguing that the motion was untimely and that it had standing because it was the party in interest with a valid assignment of the mortgage and the holder of the note at the time the foreclosure was commenced.

The court denied the motion in an order dated June 24, 2022, stating:

> [T]he [c]ourt finds that [d]efendant has not presented sufficient evidence for the [c]ourt to grant the motion. Defendant was served with the complaint on June 15, 2015. Defendant failed to file an Answer and an uncontested final judgment was entered on January 7, 2016. Defendant has failed to file a meritorious defense to the foreclosure action. Defendant has not presented any new evidence for the court to consider. Plaintiff had standing to foreclose at the commencement of the action as the holder of the note and mortgage and based on a valid assignment of the mortgage.

On July 1, 2022, defendant filed her first appeal, docketed under A-3410-21, from the order denying vacation of the final judgment. On September 21, 2022, the property that was secured by the mortgage was sold at a sheriff's sale. On November 7, 2022, defendant filed a second appeal

4

docketed under A-0818-22, from the order denying her motion to set aside that sale. Defendant appeals from both orders.

I.

We review a court's ruling on a motion to vacate for an abuse of discretion. "Although courts are empowered to confer absolution from judgments, '[r]elief [under Rule 4:50–1] is granted sparingly.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261, (2009) (quoting F.B. v. A.L.G., 176 N.J. 201, 207 (2003)). As such, "on appellate review, the trial judge's determination 'will be left undisturbed unless it represents a clear abuse of discretion.'" Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

Defendant contends the court "erroneously denied [her] motion to vacate final judgment, because New Jersey law requires [that] a [p]laintiff must demonstrate standing by both a valid assignment of [m]ortgage pre-dating the complaint and certifying to possession of the [n]ote and providing a copy of the [n]ote."

At the heart of defendant's contention is her claim that at the time of the filing of the foreclosure complaint, plaintiff did not have standing to foreclose because it was listed as an investor and not an assignee, owner, or holder of,

the mortgage and it did not have physical possession of the note. Thus, defendant argues the court erred by failing to correctly apply Rule 4:50-1 in its denial of her motion to vacate the judgment. We are not persuaded.

Rule 4:50-1 provides six grounds for vacating a final judgment:

> (a) mistake, inadvertence, surprise, or excusable neglect;
>
> (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49;
>
> (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (d) the judgment or order is void;
>
> (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or
>
> (f) any other reason justifying relief from the operation of the judgment or order.
>
> [R. 4:50-1.]

Before the motion court, defendant sought relief from the judgment under subsection (b) of Rule 4:50-1, but in her brief on appeal, defendant does not identify the subsection of the Rule under which she claims an entitlement

6

to the requested relief. We glean from a fair reading of defendant's papers, however, that she asserts she was entitled to vacatur of the judgment under Rule 4:50-1(b), (d), and (f).

Even if we interpret defendant's arguments as a request for relief under section (b) of Rule 4:50-1, the claim is time-barred because a motion for relief under Rule 4:50-1(b) must be made within "one year after the judgment . . . was entered or taken." Rule 4:50-2. Moreover, Rule 1:3-4 bars any expansion of the time limitations in Rule 4:50-2.

Here, defendant sought to vacate the final judgment of foreclosure entered on January 7, 2016, by a motion filed 2,318 days later on May 13, 2022. We consider significant that defendant does not contend a lack of notice of the initial action, the entry of final judgment, or the subsequent attempted sheriff's sale. In fact, defendant does not argue that plaintiff was deficient in providing notice at any stage of litigation. Defendant inexplicably sat on her rights to pursue vacatur in state court within the Rule 4:50-2 time limitations and chose instead to seek bankruptcy protection, filing five bankruptcy petitions following the entry of final judgment.

Furthermore, the filing of these petitions initiated separate bankruptcy actions, and each operated as an order for relief granting defendant the

A-3410-21

protections of the bankruptcy code. 11 U.S.C. § 301(a) and (b). The most fundamental protection triggered by a bankruptcy filing is the immediate imposition of an automatic stay, which prevents all efforts against the debtor to collect pre-petition obligations. 11 U.S.C. § 362(a)(1); Celotex Corp. v. Edwards, 514 U.S. 300, 314 (1995) (Stevens, J., dissenting). The automatic stay becomes effective immediately upon the filing of the petition, and the broad language of the bankruptcy code is designed to prevent a creditor's coercion of a debtor. See Borman v. Raymark Indus., Inc., 946 F.2d 1031, 1032-33 (3d Cir. 1991). A creditor seeking to proceed against the debtor may apply to the bankruptcy court for relief from the stay. 11 U.S.C. § 362(d). Absent such relief, the stay remains in full effect until the bankruptcy case is concluded and converted to a permanent injunction. 11 U.S.C. § 362(c).

Each of defendant's bankruptcy proceedings was discharged without conversion of any of the automatic stays into a permanent injunction. Nevertheless, defendant obtained the benefit of five separate automatic stays as the result of the filing of her bankruptcy petitions and, in total, those stays were in effect for a total of 995 days.[1] Because Rule 1:3-4(c) bars any

---

[1] The automatic stay tolls the running of the one-year limitation of Rule 4:50-2, and, as a result, the running of the limitations period under the Rule was

extension of the time limitations under <u>Rule</u> 4:50-2, defendant is not entitled to the relief she sought before the motion court—vacatur of the final judgment of foreclosure—under <u>Rule</u> 4:50-1(b). That is because even with the benefit of the tolling to which she was entitled as a result of the bankruptcy filings, she filed the motion to vacate the final judgment well outside the one-year limit of <u>Rule</u> 4:50-2. The court, therefore, correctly denied defendant's motion to vacate the judgment under the only provision of <u>Rule</u> 4:50-1—subsection (b)—defendant cited in support of her motion before the trial court.

Although not expressly argued by defendant, we also consider defendant's motion to vacate final judgment under subsections (d) and (f) of <u>Rule</u> 4:50-1, as defendant argues that the judgment was void because plaintiff did not have standing to bring this foreclosure action and failed to demonstrate

_____

tolled by each of defendant's five bankruptcy filings for 315, 102, 87, 247, and 204 days, respectively. When the total number of those days—955—is deducted from the total number of days—2,138—that passed from entry of the final judgment until the filing of the motion to vacate the judgment, defendant waited 1,183 days not subject to tolling to file her motion. Those days total more than three years and, therefore, even when defendant is given the full benefit of tolling as result of the automatic stays, she filed her motion to vacate the foreclosure under <u>Rule</u> 4:50-1(a) more than two years beyond the one-year deadline in <u>Rule</u> 4:50-2 and, as we explain, well beyond the reasonable time permitted in <u>Rule</u> 4:50-2 for the filing of a motion to vacate a final judgment under <u>Rule</u> 4:50-1(d) or (f).

A-3410-21

"ownership or control" of the original note and that plaintiff is an assignee of the mortgage. In support of her argument, defendant avers that New Jersey law requires a plaintiff to "demonstrate standing by both a valid assignment of [m]ortgage pre-dating the complaint and certifying to possession of the [n]ote and providing a copy of the [n]ote."

Unlike motions filed under <u>Rule</u> 4:50-1(a) to (c), which are subject to a strict one-year deadline that is not subject to enlargement under <u>Rule</u> 1:3-4(c), a motion made under <u>Rule</u> 4:50–1(d) or (f) must be filed only "within a reasonable time." <u>R.</u> 4:50-2. As we have explained, "[a] <u>Rule</u> 4:50–1(d) motion, based on a claim that the judgment is void . . . must be filed within a reasonable time after entry of the judgment." <u>Russo</u>, 429 N.J. Super. at 98 (first citing <u>R.</u> 4:50–2; then citing <u>M & D Assocs. v. Mandara</u>, 366 N.J. Super. 341, 351–52 (App. Div. 2004)). Likewise, a <u>Rule</u> 4:50-1(f) motion to vacate a final judgment for any other reason justifying relief, must be filed within a reasonable time. <u>Id.</u> at n.3 ("motions pursuant to (d) and (f) must be filed 'within a reasonable time'"). What constitutes a reasonable time is based on the totality of the circumstances. Pressler and Verniero, <u>Current N.J. Court Rules</u>, cmt. on <u>R.</u> 4:50-2 (citing <u>Moore v. Hafeeza</u>, 212 N.J. Super. 399 (Ch. Div. 1986)).

In Deutsche Bank National Trust Co. v. Russo, the court considered the issue of the timeliness and reasonableness of defendants' motion to vacate based on the argument that plaintiff lacked standing to file the foreclosure complaint. There, the court noted the passivity of the Russo defendants, stating:

> even if plaintiff did not have the note or a valid assignment when it filed the complaint, but obtained either or both before entry of judgment, dismissal of the complaint would not have been an appropriate remedy here because of defendants' unexcused, years-long delay in asserting that defense. Therefore, in this post-judgment context, lack of standing would not constitute a meritorious defense to the foreclosure complaint.
>
> [Russo, 429 N.J. Super. at 101.]

The defendants in Russo waited nearly two years before moving to vacate default, arguing they "believed that 'no foreclosure action would proceed while they were actively working toward a loan modification.'" Id. at 98-99.

In this case, defendant did not file an answer or otherwise defend the foreclosure action, including failing to raise the issue of standing until six years following the entry of final judgment and only after filing five non-consecutive bankruptcies over the six-year period. In Russo, we concluded that a motion to vacate a final judgment under Rule 4:50-1(d) and (f), filed two

11

years post entry of final judgment, was outside the reasonable time permitted under <u>Rule</u> 4:50-2. We likewise conclude that defendant's motion filed six years after final judgment is untimely. Thus, we do not disturb the court's denial of defendant's motion to vacate final judgment.

Because we conclude that defendant's motion is untimely, as it was filed outside the one-year timeframe required under <u>Rule</u> 4:50-2 for her argument under <u>Rule</u> 4:50-1(b), and untimely to the extent defendant sought relief under <u>Rule</u> 4:50-1(d) and (f), we need not reach the merits of her arguments on the motion to vacate final judgment. Thus, defendant's appeal from the order denying her motion to vacate the sheriff's sale on the basis the final judgment was improperly entered also fails.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3410-21